WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Haro, et al., | ) |
|     Plaintiffs, | ) CV 09-134 TUC DCB |
| v. | ) |
| Kathleen Sebelius, Secretary of U.S. Department of Health and Human Services, | ) |
|     Defendant. | ) **ORDER** |

Plaintiffs filed this action on March 10, 2009, and filed an Amended Complaint on April 21, 2009. Plaintiffs seek to represent a nationwide class of Medicare recipients challenging Defendants administration of the Medicare Secondary Payer (MSP) program.

Plaintiffs challenge Defendant's collection practices to recover Medicare reimbursement claims when a beneficiary receives liability insurance proceeds related to health care services paid for conditionally by Defendant. The beneficiary must immediately, within 60 days, reimburse Defendant, in advance of resolution of any appeal or request for a waiver of the reimbursement claim sought by the beneficiary. Frequently, the reimbursement claims are in excess of the actual amount conditionally expended, and beneficiaries must pay interest on this larger amount.

Also, Plaintiffs challenge Defendant's requirement that personal injury attorneys withhold distribution of disputed insurance proceeds from their clients, under threat of monetary penalties, including being personally liable for the reimbursement claim.

"Plaintiffs seek declaratory and injunctive relief against Defendant's MSP collection procedures, which they allege exceed the Secretary's authority under the Medicare statute

and violate their rights under the Due Process Clause of the United States Constitution." (Order filed 11/30/2009 (doc. 30) at 2 (denying Motion to Dismiss)).

Defendant obtained an extension of time to answer, and on June 11, 2009, filed a Motion to Dismiss the case. Defendant challenged the standing of some Plaintiffs because their claims had been resolved on appeal, administratively. Defendant challenged the Court's jurisdiction over other claims for Plaintiffs, who had not exhausted the administrative appeals procedures. Defendant relied on Medicare Act's incorporation of exhaustion provisions from 42 U.S.C. § 405(h) of the Social Security Act, as follows:

> No findings of fact or decision of the [Secretary of Health and Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.*

Defendant argued that under the plain language of the statute, federal court jurisdiction in Medicare cases is precluded, except pursuant to 42 U.S.C. § 405(g), which provides: "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing . . . of notice of such decision." (Order (doc. 30) at 9 (citing Motion to Dismiss at 20)); *see also* (D's Motion to Limit Judicial Review (doc. 47) at 3).

On November 30, 2009, the Court rejected Defendant's exhaustion argument as follows: "If Defendant was correct in its portrayal of Plaintiff McNutt's claim, she would be correct that his claim is barred until exhausted administratively. The Plaintiff does not, however, seek review of a final decision by the Secretary regarding his MSP claim. The plaintiff seeks judicial review of the Secretary's decision to demand payment within 60 days of an initial MSP claim, prior to a final determination by the Secretary adjudicating any appeal or request for a waiver of the MSP claim, and her decision to charge interest or to initiate collection proceedings on this claim if not paid within 60 days." *Id.* at 10.

The Court explained that Section 405(g) does not provide a mechanism to review these decisions by the Secretary. Also escaping review under section 405(g) is the Secretary's decision to instruct Plaintiff's attorney that as of her initial decision on the MSP claim, he may not release Plaintiff McNutt's settlement funds in that amount, or he will be subject to collection and penalty measures himself. Because these are the decisions challenged by the Plaintiffs, the Court held the exhaustion requirement contained in section 405(g) was waived. Plaintiffs constitutional and due process claims were collateral to any individual claim for benefits. The Court rejected the Defendant's perspective of the case, which is that it must be decided as to each beneficiary's claim in respect to interest calculations and collection activities and may only be reviewed by the Court after any appeal or request for a waiver is administratively resolved by the Secretary. The Court precluded the Secretary from sidestepping the "procedural" distinction between this case and a standard claim dispute by a beneficiary. *Id.* at 9-10.

In other words, "the administrative review provisions afforded under section 405(g) are futile to redress the procedural and policy decisions implemented by the Secretary. Because the Court will not be considering individual MSP claims, it does not need a detailed factual record for each claimant to decide this straightforward procedure and policy challenge. *Johnson*, 2 F.3d at 922 (citing *Briggs*, 886 F.2d at 1140). The Court does not require the benefit of agency expertise because the issue posed by the case is one purely of statutory construction in respect to whether or not the Secretary exceeds the authority granted her under the law, both the Medicare Act, as amended in 1980 adopting the MSP program, and the Due Process Clause of the United States Constitution." (Order at 16.) For these same reasons, the Court rejects the Defendant's assertion that there is no need to deviate from the norm of limiting review to the administrative record. (Motion to Limit at 4-8.) This case is not the norm.

On December 16, 2009, the Court granted the parties' stipulation for Plaintiffs to file a Second Amended Complaint, which added another plaintiff. On January 5, 2010, the Defendant filed an Answer. The Court set a Rule 16 scheduling conference, but did not set any case management deadlines. Defendant refused to make initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(I) and maintained discovery is inappropriate, except for filing the administrative record. Plaintiffs disagreed.

In the event the Court determines discovery is not limited to the administrative record, the parties agree it can be completed within four months. The parties agree that the case will be resolved by crossmotions for summary judgment, which will be filed consecutively, rather than concurrently, with Plaintiffs filing first. Plaintiffs proposed to file a motion for class certification by March 4, 2010. Class certification should be decided at the earliest practicable time. Fed. R. Civ. P. 23(c)(1)(A). (Joint Case Management Plan (doc. 40)). The parties could not agree on which one should raise the question regarding the scope of discovery. Consequently, the Court issued an Order on January 27, 2010, directing the Defendant to file the administrative record and for each side to simultaneously brief the scope of discovery question.

Plaintiff has filed a Motion to Compel discovery beyond the administrative record, and Defendant has filed a Motion to Limit Judicial Review to the Administrative Record. The parties have filed responses, but replies are not due yet. The Court rules without the parties' replies because they are unnecessary for the Court's resolution of this matter, which in large part was fully briefed when the Court considered the Defendant's Motion to Dismiss. Additionally, until the Court resolves the scope of discovery, it cannot set the case management deadlines. The Court is required to issue the scheduling order in a case as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared. Fed. R. Civ. P. 16(b)(2). Plaintiff filed the Complaint on March 10, 2009, and service was executed in April

of 2009. There is no good reason to wait for replies before issuing this Order resolving the scope of discovery and issuing the Scheduling Order.

The Defendant's position that discovery be limited to the administrative record is based on the same arguments made in its Motion to Dismiss. While this assertion may be reurged on appeal, it may not be reargued at every juncture in these proceedings that this case must be resolved beneficiary-claim by beneficiary-claim. For the same reasons this Court denied the Defendant's Motion to Dismiss, it denies Defendant's request to limit discovery to the administrative record for each Plaintiff. (Order (doc. 30)).

In its Motion to Limit Judicial Review to the Administrative Record the Defendant argues that the 42 U.S.C. § 405(g) limits this Court's review to the administrative record. Defendant's argument is based on the same law relied on in the Motion to Dismiss,[1] which is the law generally applicable to a case where a beneficiary seeks juridical review of an agency's denial of a claim for benefits. The Court made it absolutely clear in the Order denying the Motion to Dismiss that this was not that type of case. There is no need to explain the distinctions again.

Defendant's argument that there is no need to deviate from the norm of limiting review to the administrative record completely ignores this Court's prior conclusions that in this case it "will not be considering individual MSP claims, it does not need a detailed factual record for each claimant to decide this straightforward procedure and policy challenge." (Order at 16.) "The Court does not require the benefit of agency expertise [regarding each beneficiaries claim] because the issue posed by the case is one purely of statutory construction in respect to whether or not the Secretary exceeds the authority granted her under the law, both the Medicare Act, as amended in 1980 adopting the MSP program, and the Due Process Clause of the United States Constitution." *Id.* at 16.

---

[1](Motion to Limit at 3-4), (Motion to Dismiss at 20).

1   To the extent the Defendant argues discovery is limited because this case has not yet been certified as a class action,[2] the Court did not as Defendant suggests, "defer briefing on class certification." (D's Motion to Limit at 2.) On November 24, 2009, the parties were instructed to include in the case management plan a deadline for briefing the question of class certification. (Order (doc. 28) at ¶ 14.) The Plaintiffs proposed filing their motion for class certification on March 4, 2010. However, the Court has been unable to set any deadlines in this case due to the dispute over the scope of discovery.

Defendant is correct that "any discovery plaintiffs seek [will] have to be relevant to their claims and not unduly burdensome." (Motion to Limit at 8 (citing Fed. R. Civ. P. 26(c)). Defendant is wrong, however, that discovery is unnecessary beyond the individual beneficiary's administrative records because: "The questions that remain in this case are purely legal. Discovery would not assist the Court in answering the purely legal questions . . .."

The questions are: 1) whether Defendant can require prepayment of an MSP recovery claim before the correct amount is determined through the administrative appeal procedures, and 2) whether Defendant can make plaintiffs' attorneys financially responsible if they do not hold or immediately turn over to the Defendant their clients' litigation proceeds. These questions involve a due process analysis, which consists of a three part balancing test: 1) the private interest affected; 2) the risk of erroneous deprivation and probable value of additional safeguards, and 3) the government or public interest in current procedures. (Order at 13 (citing *Mathews v. Eldridge*, 425 U.S. 319, 334-335 (1976)).

Plaintiffs provide the following example for discovery:

> Regarding the risk of error, defendant suggests that errors can be resolved through the appeal process. However, discovery is needed to establish how frequently the appeal process is actually used and whether it is burdensome to beneficiaries. Discovery is also needed to determine whether the error rate is, in fact, extraordinarily high in MSP recovery claims. Regarding the

---

[2](Motion to Limit at 5.)

>     government's interest, defendant urges that it is entitled to recover payments it has made for health care. However, discovery is needed to establish whether there is a need for the current lack of procedural protections for beneficiaries and their attorney in order for defendant to secure recovery. Regarding the cost of recovery procedures, has the defendant studied alternatives to her current oppressive demands for immediate collection?

(P's Opposition at 6.)

The Court finds that as to the burdensomeness of the discovery proposed by Plaintiffs, the Plaintiffs propose discovery, including depositions and discovery involving experts, will be completed in four months. The Court notes that class certification may result in a case being reassigned to the complex track for case management purposes, (Scheduling Order ¶ 14 (doc. 14) (citing LR Civ. 16.2(b)(4)), which would justify a longer than usual time for discovery. Plaintiffs do not suggest a need for such extended discovery, and the proposed four months for discovery is less than the normal six months allowed in a standard track case.

Without admitting it, the Defendant recognizes the need for discovery beyond the normal administrative record. As part of the administrative record, Defendant included documents that relate to the MSP recovery process. Defendant explains:

>     the first volume of defendant's designated administrative record consists of the agency's communications with the individual plaintiffs. And the second volume, which plaintiffs seek to strike, contains what plaintiffs acknowledge to be the policies and procedures the Secretary of Health and Human Services ("Secretary" or defendant) employs for recovering conditional payments made through the Medicare Secondary Payer ("MSP") Program. *See* Pls. Mem. in Support of Motion to Strike (Dkt. #46-1) at 2 (stating that the second volume of the administrative record contains documents "that appear to be related in various ways to the MSP recovery process"). There can be no contention that the agency would not have considered its own policies and procedures directly or indirectly in its communications with the individual plaintiffs and their representatives. Contrary to plaintiffs' contention, the documents in the second volume of the administrative record are properly part of the administrative record and may be considered by this Court to be material to the resolution of this action.

(Response to Ps' Motion to Strike at 2.) "For completeness purposes, defendant included in the administrative record the agency's revisions to letters that are at issue in this case. *See* Administrative Record Vol. II, P. 294-310 (revised Rights and Responsibilities letter,

revised Initial Determination letter, and revised Intent to Refer letter). Although these revised letters were not in use at the time of the agency's, or its contractor's, initial communications with the individual plaintiffs, these revised letters help explain the agency's policies and are relevant to any challenge by the plaintiffs to those policies." *Id.* at n. 1.

The Defendant relies on *Thompson v. United States Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) for its position that "[t]he administrative record consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* at 9. *Thompson* does no more than restate what "[t]he Supreme Court has stated that judicial review is to be based on the full administrative record before the agency when it made its decision." *Thompson*, 885 F.2d at 556 (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)). In *Thompson*, like this case, the problem arose because there was confusion over what decision was being reviewed by the court. *Id.* at 555-556. Here, the Court reviews the Secretary's decision to adopt the policies and procedures challenged by the Plaintiffs, not the decisions resolving the individual MSP claims, which were made in reliance on them. Whether the policies and procedures, themselves, shed light on the Secretary's decision to adopt and implement them remains to be seen, but there is no need to strike them.

The Court finds that the administrative record filed by the Defendant pertains to the individual Plaintiff's MSP claims, which were administratively adjudicated under the MSP procedures and policies challenged in this case. The Court does not intend to limit its review to only this record.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion to Compel Discovery (doc. 45) is GRANTED.

1    **IT IS FURTHER ORDERED** that Defendant's Motion to Limit Judicial
2 Review to the Administrative Record (doc. 47) for the individual Plaintiff's MSP claims
3 is DENIED.
4    **IT IS FURTHER ORDERED** that the Motion to Strike (doc. 46) is DENIED
5 AS MOOT.
6    **IT IS FURTHER ORDERED** that concurrent with this Order, the Court issues
7 the scheduling Order for this case, pursuant to the time frames agreed to in the parties'
8 Joint Case Management Plan.
9    DATED this 12th day of April, 2010.

David C. Bury
United States District Judge